UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY ZANGHI,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) DOCKET NO. |
| AVID TECHNOLOGY, INC.<br>    Defendants. | )<br>)<br>) |

# COMPLAINT AND CLAIM FOR JURY TRIAL

## Jurisdiction

1. Jurisdiction of this action arises under and the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, et seq., and The Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## Venue

2. Venue is proper in this court in that this is the judicial district in which the parties reside and in which the relevant events occurred.

## Parties

3. Plaintiff Jeffrey Zanghi ("Plaintiff") is an individual residing in Clinton, Worcester County, Massachusetts.

4. Defendant Avid Technology ("Defendant") is a Delaware corporation authorized to do business in Massachusetts with a principal office at 75 Network Drive, Burlington, Middlesex County, Massachusetts.

## General Allegations

5. Plaintiff was employed by Defendant from May 27, 2014 to approximately January 26, 2016.

6. Plaintiff's position was financial analyst.

7. Plaintiff suffers from a number of medical conditions that would render him a qualified person with a disability or handicap pursuant to state and federal disability discrimination laws.

8. During the earlier part of Plaintiff's employment, he was able to work from home. There were no regularly scheduled hours. The emphasis was on completing assignments in a timely manner, not working a set number of hours per week or working in the office.

9. This changed in approximately October and November 2015. Plaintiff was no longer allowed to work from home. He was also given a set 40 hour per week schedule, with the option of starting at 8:00 a.m. or 8:30 a.m. Plaintiff was also told that he was to report to a second manager as well.

10. In early November 2015, Plaintiff requested that he be able to start at 9:30 a.m. due to his medical conditions. Defendant allowed this change.

11. The manner in which Defendant treated Plaintiff, including the new set work schedule and hours, caused an exacerbation and aggravation of Plaintiff's medical conditions. He became filled with overwhelming anxiety. He became depressed, paralyzed and unable to function.

12. On or about November 23, 2015, Plaintiff went out of work due to the deterioration of his condition. He emailed Defendant a request for a medical leave of absence.

13. By letter dated December 9, 2015 (mailed that day to Plaintiff), Defendant terminated Plaintiff's employment for allegedly remaining out of work on an "unexcused absence from work" since November 24, 2015.

14. Plaintiff did not receive the termination letter since it was mailed to a previous address. However, Plaintiff learned subsequently that he had been terminated when he contacted Defendant after discovering that he no longer had business email access.

15.     Through email correspondence dated December 30, 2015, Plaintiff was able to demonstrate to Defendant that his absence was not unexcused, but that he had timely requested a medical leave of absence due to his medical conditions and that his request for a medical leave of absence had been received by Defendant's human resources personnel.

16.     Plaintiff attached to his December 30, 2015 email to Defendant a filled-out Leave Request Form in which he disclosed as the basis for his leave of absence request the serious medical conditions from which he suffered.

17.     In response, Defendant rescinded its earlier notice of termination of Plaintiff and instead allowed him to go through its medical leave approval process. Plaintiff was also applying for short term disability benefits through Defendant's group disability insurance plan.

18.     Defendant's medical leave approval process required a physician's medical certification concerning the need for the leave of absence.

19.     Plaintiff requested his physician on multiple occasions to provide the requested medical certification. However, upon information and belief, the physician did not provide the medical certification within whatever deadline set by Defendant.

20.     Plaintiff informed Defendant that he had requested his physician to provide the requested medical certification.

21.     Plaintiff's mental state had greatly deteriorated throughout this time period to the point where his physician described him as depressed, paralyzed and unable to function.

22.     Notwithstanding his deteriorated condition, Plaintiff made reasonable efforts to obtain the requested medical certification and alerted Defendant that he had requested his physician to provide it.

23.     By email dated January 19, 2016, Plaintiff's mother contacted Defendant's Human Resources Representative, Sharon Turcotte, offering to serve as Plaintiff's advocate "moving forward" in light of his "very serious condition." Plaintiff's mother offered to provide Ms. Turcotte with any needed paperwork and to contact his doctors if any further information was needed from them.

24.     On January 26, 2016, a week later, Ms. Turcotte emailed both Plaintiff and his mother. In the email to Plaintiff's mother, Turcotte stated that she could not disclose any information concerning Plaintiff or discuss his situation with her without his authorization. In the email to Plaintiff, Turcotte informed him that his employment was terminated effective December 9, 2015 for failing to submit the required medical certification.

25.     Plaintiff is a qualified individual with a disability within the meaning of Americans with Disabilities Act (as amended by the ADA Amendments Act of 2008), 42 U.S.C. § 12101, et seq.

26.     Plaintiff is a qualified handicapped person within the meaning of M.G.L. c. 151B.

27.     Defendant failed to provide reasonable accommodation to Plaintiff and failed to engage in an appropriate interactive process with Plaintiff in response to his request for reasonable accommodation.

28.     Defendant discriminated against and ultimately terminated Plaintiff because or his disability or handicap.

29.     The stated reason for Plaintiff's termination was a pretext for unlawful discrimination.

30.     Upon information and belief, Plaintiff was replaced by a non-handicapped or non-disabled person.

31.     Plaintiff was at all relevant times qualified to perform the essential functions of his job with reasonable accommodation.

32.     Defendant's acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights.

33.     Plaintiff has been injured and damaged by Defendant's acts.

34.     Defendant at all relevant times has employed more than fifty persons.

## COUNT I
(Violation of M.G.L. c. 151B – Handicap Discrimination)

35.     Plaintiff repeats the allegations contained in paragraphs 1 through 34 as if fully set forth.

36.     Defendant's conduct represents, inter alia, intentional discrimination on the basis of handicap in violation of M.G.L. c. 151B, s. 4(16).

## COUNT II
(Violation of the Americans with Disabilities Act and the ADA Amendments Act of 2008)

37.     Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if fully set forth.

38.     Defendant's conduct represents, inter alia, intentional discrimination on the basis of disability in violation of Americans with Disabilities Act (as amended by the ADA Amendments Act of 2008), 42 U.S.C. § 12101, et seq.

## COUNT III
(Violation of the FMLA)

39.     Plaintiff repeats the allegations contained in paragraphs 1 through 38 as if fully set forth.

40.     Plaintiff was employed by Defendant for more than one year.

41.     Defendant at all relevant times employed more than fifty persons.

42.     Defendant is a covered employer within the meaning of The Family and Medical Leave Act, 29 U.S.C. §2601, et.seq. ("FMLA").

43.     Under the FMLA, Plaintiff was entitled to up to twelve weeks of protected medical leave per year for a serious health condition.

44.     Defendant interfered with Plaintiff's rights protected by the FMLA in violation of 29 U.S.C. §2615(a)(1).

45.     Defendant retaliated against Plaintiff for seeking FMLA leave in violation of 29 U.S.C. §2615(a)(2).

## **RELIEF SOUGHT**

WHEREFORE, the Plaintiff prays that this Honorable Court:

A.      Enter judgment against Defendant on Count I for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

B.      Enter judgment against Defendant on Count II for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

C.      Enter judgment against Defendant on Count III for damages, liquidated damages, reasonable attorneys' fees, interest and costs.

D.      Enter judgment ordering Defendant to reinstate Plaintiff with back pay.

E.      Enter such other and further relief as this Honorable Court may deem just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.**

                                    JEFFREY ZANGHI,

                                    By his attorney,


                                    /s/ Richard A. Mulhearn
                                    Richard A. Mulhearn, BBO #359680
                                    Law Office of Richard A. Mulhearn, P.C.
                                    71 Elm Street
                                    Worcester, MA 01609
                                    (508) 753-9999
                                    richard.mulhearn@gmail.com

Dated:  December 8, 2017.